UNITED STATES DISTRCT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**OMAR HAJJAT,** individually, and on behalf of those similarly situated,

    Plaintiff,

v.

**HAYAT PHARMACY, LLC**, a Domestic Limited Liability Company, and **HASHIM ZAIBAK**, individually,

    Defendants.

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, OMAR HAJJAT, on behalf of himself and all others similarly situated, brings this Collective Action Complaint for damages and demand for jury trial against HAYAT PHARMACY, LLC ("Hayat") and HASHIM ZAIBAK ("Zaibak") (collectively "Defendants"), and alleges as follows:

### INTRODUCTION

    1.    This case concerns Defendants' intentional misclassification of Plaintiff and all others similarly situated delivery drivers as independent contractors. Pursuant to this intentional misclassification, Defendants willfully failed to compensate Plaintiff and the putative class members a time and a half premium for their overtime hours worked, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"). Plaintiff, on behalf of himself and all other similarly situated deliver drivers, currently or formerly employed by Defendants, contend that Defendants violated the FLSA by: 1) misclassifying delivery drivers as independent contractors; 2) knowingly suffering and permitting Plaintiff and the putative class members to

work in excess of 40 hours during various workweeks within the last three years preceding this lawsuit without paying them an overtime premium at a rate of one and one-half times their regular hourly rate for all hours worked over forty (40); and 3) adopting and implementing employment policies which violate the FLSA.

2. Defendant violated the FLSA by knowingly suffering or permitting Plaintiff and other similarly situated delivery drivers to work in excess of 40 hours during a workweek without paying overtime compensation at a rate of one and one-half times their regular rate. Plaintiff seeks to bring his claim for violation of the FLSA as a collective action under 29 U.S.C. § 216(b).

3. The individuals that Plaintiff seeks to represent in this action are current and former delivery drivers employed by Defendant during the relevant statutory period.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this action under 29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

5. Venue is proper in the Eastern District of Wisconsin because Plaintiff resides in this district, and a substantial portion of the events forming the basis of this suit occurred in this district.

## PARTIES

6. At all times material hereto, Plaintiff was a resident within the jurisdiction of the Eastern District of Wisconsin.

7. At all times material hereto, Defendant Hayat was, and continues to be a Domestic Profit Corporation engaged in business in Wisconsin.

8. Defendant, Zaibak, is the owner of Defendant, Hayat.

9. Defendant Zaibak was, and continues to be, an employer within the meaning of the FLSA in that he acted directly or indirectly in the interest of Hayat towards Plaintiff.

10. Upon information and belief, at all times material hereto, Defendant Zaibak was an individual resident of the state of Wisconsin and is the owner of Hayat.

11. At all times material hereto, Defendant Zaibak regularly exercised the authority to: (a) hire and fire employees of Hayat; (b) control the finances and operations of Hayat; (c) control significant aspects of the corporation's day-to-day operations, including the authority to set wages; (d) actively participate in the overall supervision of Hayat; and (e) was ultimately in a position of authority over the business decisions that led to the FLSA violations.

12. Defendants were directly involved in the decision to misclassify delivery drivers as independent contractors rather than employees, and perpetuate and maintain this unlawful classification system.

13. Defendants are joint employers of all potential Class members and, as such, are jointly and severally liable for any violations of the wage and hour laws set forth in this Complaint.

14. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

15. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

16. At all times material hereto, Defendants were, and continue to be, the "employers" within the meaning of FLSA.

17. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

18. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

19. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

20. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

21. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

22. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

23. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

24. Defendant Hayat is a retail establishment that sells pharmaceutical drugs and sundries.

25. As a matter of common policy and practice, Defendants misclassify all of their delivery drivers, including Plaintiff, as independent contractors.

26. As a result of Defendants' common misclassification policy, Defendants have not paid its delivery drivers, including Plaintiff, a time and one-half overtime premium for all hours worked of 40 in workweeks during the relevant time period.

27. Plaintiff worked for Defendants as a misclassified non-exempt delivery driver from approximately September 2016 to January 28, 2019.

28. Plaintiff was classified by Defendants as an "independent contractor" and was

compensated on an hourly basis at $16.00 per hour.

29. On average, Plaintiff routinely worked in excess of 60 hours during each workweek throughout the relevant time period.

30. However, Plaintiff did not receive a time and a half premium for all of his overtime hours worked during the relevant time period.

31. Plaintiff spent the majority of his time performing traditionally non-exempt duties, which included delivering pharmaceutical drugs to Defendants' various locations.

32. As a delivery driver, Plaintiff's work was an integral part of Defendants' business.

33. Plaintiff was required to wear a shirt and tie while working as a delivery driver for Defendants.

34. Defendants maintained a set schedule for Plaintiff and the other delivery drivers.

35. Plaintiff was required to clock-in and clock-out at work.

36. Plaintiff was not permitted to hire a driver to assist him in completing his duties while working for Defendants.

37. Defendant provided Plaintiff with an "Employee Handbook" that governed his employment with Defendants.

38. Defendants directly exercised significant control over the wages, hours, and working conditions of Plaintiff and those similarly situated.

39. Defendants required Plaintiff and those similarly situated to wear a shirt and tie embossed with Hayat's name or Hayat's nametag.

40. Plaintiff had no control over the assignments or routes he was assigned.

41. Plaintiff was not permitted to refuse an assigned delivery.

42. The totality of circumstances surrounding the employment relationship between

Defendants and Plaintiff establishes economic dependence by the Plaintiff on Defendants.

43. Plaintiff was not in business for himself, nor was he truly independent.

44. Plaintiff did not engage in occupations or businesses distinct from that of Defendants during his employment.

45. Plaintiff had no authority to negotiate with Defendants the method, frequency or regularity of payments.

46. Defendants' misclassification of Plaintiff and those similarly situated was willful.

47. Defendants knew or should have known that it was improper to classify Plaintiff and the putative Class members as independent contractors.

48. Defendants intentionally misclassified its delivery drivers as independent contractors in order to evade their statutory obligations under the wage and hour laws and to pad their profits.

49. Defendants conspired to commit the following unlawful acts: 1) misclassify delivery drivers as independent contractors; 2) knowingly suffer and permit Plaintiff and the putative class members to work in excess of 40 hours during a workweek without paying overtime compensation at a rate of one and one-half times their regular rate; and 3) adopt and implement employment practices which violate the FLSA. These unlawful agreements and practices between Defendants were part of an overall corporate strategy to maximize revenues and profits, and to violate Class members' statutory rights.

50. Defendants knew or should have known that the business model they developed and implemented was unlawful under applicable laws. Nonetheless, Defendants continued to willfully engage in the violations described herein.

51. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's

regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as statutorily required by the FLSA.

52. Thus, Defendants have violated Title 29 U.S.C. §207 in that:

a. Plaintiff worked in excess of forty (40) hours per week for his period of employment with Defendants;

b. No payments, and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek while Plaintiff worked for Defendants and as provided by the FLSA; and

c. Defendants failed to maintain proper time records as mandated by the FLSA.

53. Plaintiff retained the law firm of MORGAN & MORGAN, P.A., to represent him in the litigation.

## COLLECTIVE ACTION ALLEGATIONS

54. As part of their regular business practices, Defendants intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

55. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendants also denied them full compensation at the federally mandated minimum wage rate.

56. Class Members perform or have performed the same or similar work as Plaintiff. In particular, Plaintiff and Class Members all worked as delivery drivers, but were not properly

7

Case 2:19-cv-01857-LA   Filed 12/18/19   Page 7 of 11   Document 1

compensated at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA.

57. Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek,

58. The Class Members are similar to Plaintiff in that they share substantially similar job duties, compensation plan, and the denial of overtime and minimum wage.

59. As such, the class of similarly situated Plaintiffs are properly defined as follows:

> **All delivery drivers who worked for Defendants at any time during the three years before this Complaint.**

60. The putative Class members are similarly situated to the named Plaintiff because they worked in the same or similar positions; they were subjected to the same unlawful practices, policies or plans; and their claims are based upon the same factual and legal theories.

61. The working relationships between Defendants and the putative Class member are exactly the same and differ only in name and location. The key legal issue is the collective action – whether Defendants classification policy and practice violates the FLSA – does not vary substantially from class member to class member.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

62. Plaintiff incorporates and realleges paragraphs 1-62 as if fully set forth herein.

63. Defendants' practice of failing to pay Plaintiff and Class Members time and a half rate for hours in excess of forty (40) per workweek violates the FLSA. *See* 29 U.S.C. § 207.

64. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff.

65. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they had knowledge, or should have known, such was, and is due to Plaintiff.

66. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

## **PRAYER FOR RELIEF**

a. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief: An Order Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Counts I and II);

b. An Order compelling Defendants to disclose the names and addresses of all collective action class members, and permitting Plaintiff to send notice of this action all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their right by law to join and participate in this lawsuit;

c. An Order designating Plaintiff as a representative of the FLSA collective action Class, and undersigned counsel as Class counsel for the same;

d. An Order declaring that Defendants violated the FLSA and their regulations;

e. An Order declaring Defendants' violations of the FLSA were willful;

f. An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and collective action class the full amount of damages and

liquidated damages available by law;

g.  An Order awarding attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

h.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour wage provisions of the FLSA;

i.  Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

j.  An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under the FLSA;

k.  Reasonable attorney's fees, costs and expenses of this action; and

l.  Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable as a matter of right by jury.

Dated: December 18, 2019

Respectfully submitted,

By: */s/ Michael N. Hanna*
Michael N. Hanna (P81462)
Haba K. Yono (P81114)
MORGAN & MORGAN, P.A.
2000 Town Center, Suite 1900
Southfield MI 48075
(313) 739-1950
mhanna@forthepeople.com
hyono@forthepeople.com

*Attorneys for Plaintiff*

UNITED STATES DISTRCT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**OMAR HAJJAT,** individually, and on behalf of those similarly situated,

    Plaintiff,

v.

**HAYAT PHARMACY**, a Domestic Limited Liability Company and
**HASHIM ZAIBAK**, individually,

    Defendants.

---

## CONSENT TO JOIN COLLECTIVE ACTION
## AND BE REPRESENTED BY MORGAN & MORGAN, P.A.

- I, _Omar hajjat_, named Plaintiff, consent to join and opt-in the above-styled lawsuit seeking damages for unpaid wages under the FLSA, as is reflected by the Complaint filed on my behalf;

- I am the named Plaintiff, and similarly situated to the Opt-in Plaintiffs in this matter because I performed similar duties for the Defendant(s) and was paid in the same regard;

- I authorize counsel at Morgan & Morgan to file this consent to join form for me, the named Plaintiff, for the above referenced matter which was previously filed on my behalf and those similarly situated;

- I agree to be represented by Morgan and Morgan, counsel for the named Plaintiff;

- In the event this action gets conditionally certified and then decertified, or for any reason does not proceed as a collective action, I authorize Plaintiff's counsel to reuse this Consent Form to re-file my claims in a separate or related action against Defendant(s) if necessary.

Date: _Dec 12, 2019_

Signature: _Omar hajjat (Dec 12, 2019)_